## PEOPLE *v.* VAN LEUVEN.

1. CRIMINAL LAW—INTOXICATING LIQUORS—EVIDENCE.
    In prosecution for possessing and furnishing intoxicating liquor, liquor found on defendant's premises after his arrest and not involved in charge was not admissible as substantive evidence.

2. SAME—WITNESSES—CROSS-EXAMINATION.
    Where defendant, charged with possessing and furnishing intoxicating liquor, testified on direct examination that since his arrest and conviction on a former occasion he had kept away from possessing liquor, cross-examination as to liquor found on his premises after his arrest was permissible on question of credibility, although suppressed as evidence because of unlawful seizure.

Error to Newaygo; Dehnke (Herman), J., presiding. Submitted June 12, 1930. (Docket No. 107, Calendar No. 34,773.) Decided June 27, 1930.

Frank Van Leuven was convicted of possessing and selling intoxicating liquor illegally. Affirmed.

*Wetmore & Bagley,* for appellant.

*Wilber M. Brucker,* Attorney General, and *Harry D. Reber,* Prosecuting Attorney, for the people.

Wiest, C. J. Defendant was convicted of possessing whisky, and also of furnishing it to William M. Dennsteadt. After his arrest, the officer, without a warrant, searched defendant's dwelling place and found some other whisky there, and also in a shed apart from the house. The case came to trial the day after defendant was bound over, and, therefore, he had no time in which to notice a motion for suppression of the evidence furnished by the liquor found after his arrest, and it was agreed, as stated by the court, that:

"The examination on the charge was held yesterday, and counsel for the defendant has been fearful that the prosecution might undertake to use some of the liquor seized at the time subsequent to the arrest, and wish to make a motion to suppress the use of that liquor as evidence and have permission to bring up such motion on short notice. It has been agreed by the prosecuting attorney that, in the trial of the case, he will not undertake to use that liquor as evidence on the present charge, and because of that understanding the counsel for the defense has consented to go to trial today and waive his right to make his motion to suppress."

The court also stated:

"This liquor to which I have made reference is only that which is not involved in this particular charge, that is, the defendant is charged with the possession and sale of certain specified liquor, the stipulation, of course, does not apply to that."

The liquor, found after arrest, was not at all involved in the charge against defendant, and it was not admissible as substantive evidence and needed no suppression to bar its introduction.  Possession of that liquor was, if anything, a distinct offense for which no charge had been laid or arrest made, and the question of its suppression should have awaited a case in which its use as evidence was involved.

Passing that point, however, and giving due effect to the mentioned agreement, was any right of defendant violated under the following record?

Counsel for defendant stated to the jury:

"They will bring out the fact that Mr. Van Leuven in 1922, seven years ago, was arrested for a violation of the liquor law.  He came into this court and pleaded guilty, but he will tell you that since that time he has been particularly careful to keep away from anything that might mix him up with the possession of liquor, that he has never had anything to do with the selling of it, and he has kept away from it and had nothing to do with it."

Thereupon the defendant was sworn as a witness in his own behalf, and upon direct examination testified:

"*Q.*  Let's see, the records of this court show that in 1922, Mr. Van Leuven, there was a charge made against you for a violation of the liquor laws, and that you pleaded guilty here; I will ask you whether or not you have had anything to do with liquor there, bringing it or handling it, or anything to do with it since that time?

"*A.*  I might have taken a drink if somebody offered it to me."

On cross-examination, defendant was asked:

"Mr. Van Leuven, you say that your position is now that you have had nothing whatever to do with

intoxicating liquor since you pled guilty in 1922 to the charge laid against you at that time?

"*A.*   No, sir."

He was then asked about the liquor found by the officer after his arrest. This was objected to on the ground that evidence furnished by such liquor had been suppressed by agreement, and counsel for defendant stated:

"If I had filed this motion to suppress evidence, as I had a right to do, they couldn't have brought this in here."

To this the court replied:

"That may be true, but that doesn't stop the prosecution from inquiring, on cross-examination, for the purpose of testing credibility. Such a motion might have been made and sustained, and still, for the purpose of testing credibility, the rule applies that cross-examination may be conducted on that subject."

The court struck out all testimony on cross-examination relative to the liquor found in the shed, because defendant testified that he claimed no ownership in that liquor, had nothing to do with putting it there, and had no information about it being there. The court charged the jury:

"Certain testimony was also introduced by way of impeachment of witnesses, or by the way of an attempt to impeach witnesses. For instance, it was shown that the defendant had previously been convicted on his plea of guilty in this court on a similar charge of possession of intoxicating liquor, and the prosecution attempted by cross-examination to show he had been guilty of other acts of violation of the laws of this State. I think it is hardly necessary for me to say that the one charge that the defendant is

being tried for in this case is that of possession and delivery of this particular liquor, Exhibit 1. This other testimony was permitted, as I say, to test the credibility of this defendant. On the other hand, the defendant cannot be convicted because of some other charge made against him, or because you believe that he was guilty of some other offense. All this merely bears on his credibility as a witness."

When defendant testified in his own behalf, as mentioned, he subjected himself to cross-examination. The fact that intoxicating liquor was suppressed as evidence because of unlawful seizure did not estop cross-examination of defendant about its possession after he had made denial on the subject upon his direct examination.

Other errors assigned require no discussion.

No reversible error. Affirmed.

BUTZEL, CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.